UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

_____

In re:

   Brandon W. Stevens                                Case No. 22-20579
   Elizabeth S. Stevens,                            Chapter 13

              Debtors.
_____

**DECISION AND ORDER
GRANTING APPLICATION FOR COMPENSATION, IN REDUCED AMOUNT,
UNDER § 330 AND ADMINISTRATIVE EXPENSE TREATMENT UNDER § 503(b)
AND GRANTING, IN PART, MOTION BY UST**

PAUL R. WARREN, U.S.B.J.

      This Chapter 13 case was filed on December 5, 2022. (ECF No. 1). A confirmation hearing has not been held because the case is not yet ready to be considered for confirmation. A confirmation hearing is presently scheduled for March 11, 2024. Also scheduled to be heard on the same date and at the same time is a motion by the Chapter 13 Trustee requesting dismissal of this case due to a default in plan payments. (ECF No. 134).

      Counsel to the Debtors filed a response to the motion to dismiss. (ECF No. 148). Counsel then went a step further and filed an "Application for Administrative Expenses" under § 503(b) of the Code. (ECF 157). In that Application, Counsel asserts that he has earned fees in this case totaling $5,590.00, with an unpaid balance of $4,390.00 due, after crediting a $1,200.00 retainer already paid by the Debtors. (*Id*. at ¶ 7). Counsel requests that, if this case is dismissed before confirmation, his fees then be paid out of any pre-confirmation funds held by the Chapter 13 Trustee, in the manner provided for by § 1326(a)(2) of the Code. (*Id*. at ¶ 6). The Chapter 13 Trustee filed an objection to Counsel's fee request (titled an "Answer"). (ECF No. 176). The Trustee details the many mistakes made by Counsel in this case, resulting in the need for Counsel

to amend the Chapter 13 Plan four times (so far). (ECF Nos. 34, 105, 196, 210). The UST filed an objection, pointing out that Counsel's § 503(b) Application was procedurally improper because no fee request had been made under § 330 of the Code. (ECF No. 177).[1] The UST then filed a motion requesting the review and reduction of Counsel's fees. (ECF No. 181).

## I.
## ISSUE

The issue before the Court is what constitutes reasonable compensation for legal services rendered by Counsel in representing the interests of the Debtors in this Chapter 13 case? *See* 11 U.S.C. § 330(a)(1), (a)(3), (a)(4)(A) and (a)(4)(B).

At one point in its motion, the UST argues that Counsel should receive no further compensation in this case and should also refund the $1,200.00 retainer paid by the Debtors, resulting in no compensation being awarded to Counsel by the Court. (ECF No. 181 at 12). At another point, the UST requests a reduction in Counsel's fees "by at least 50%." (ECF No. 181-2 at 14). The Chapter 13 Trustee urges the Court to award fees totaling $3,565.00, less credit for the $1,200.00 retainer, leaving a balance due of $2,365.00. (ECF No. 176 at 7-8). Counsel, on the other hand, asserts that he is owed a total fee of $5,590.00, less credit for the $1,200.00 retainer paid by the Debtors, leaving a balance due of $4,390.00. (ECF No. 157 ¶ 7). The Court disagrees with all three parties.

---

[1] In the exercise of its discretion, the Court treats Counsel's § 503(b) Application as a request for fees under § 330 of the Code. To do otherwise simply elevates form over substance. In other words, it's a waste of time.

## II.

## DISCUSSION

A. <u>**Computation of "Reasonable Compensation" under § 330**</u>

This Court has permitted presumptively reasonable fees (no-look) to be paid to attorneys representing Chapter 13 Debtors since 2009. The "base fee," with 5 categories of additional legal work typical in Chapter 13 cases, cannot exceed $3,800.00.[2] The purpose of utilizing a presumptively reasonable fee schedule is twofold—it lessens the burden on the Court in reviewing mountains of fee requests and also lessens the burden on attorneys by not requiring the keeping of detailed time records (such as those required in Chapter 11 cases). Of course, counsel can always seek higher fees in more complex Chapter 13 cases by proceeding on an hourly basis, which does require counsel to keep detailed time records for the Court to review in connection with a fee application made under § 330 of the Code.

Here's the rub: *the no-look fee schedule should be designed to cover "cradle-to-grave" legal services in a Chapter 13 case.* It is *not* intended to be a "base fee" for the legal services provided by counsel from the initial consultation with the debtors through the conclusion of the § 341 meeting. It seems that both Counsel and the Chapter 13 Trustee treated the fees in this case as a "hybrid," starting with a base fee of $3,050.00 for legal services performed through the § 341 meeting and then hourly for work done after the § 341 meeting. (*See* ECF No. 157-1 and ECF No. 176 ¶ 9).

Before turning to the fee application at hand, two initial questions must be addressed: (1) Are the attorneys' fees for representing a debtor under the presumptively reasonable fee structure administrative expenses for purposes of § 503(b) and § 1326(a)(2) of the Code? and (2) What is

---

[2] There are additional categories of legal work typically performed by attorneys after confirmation that would be added to the "base fee," none of which are relevant here.
3

the appropriate discount of the full case presumptively reasonable attorneys' fees when a Chapter 13 case is involuntarily dismissed prior to confirmation?

**B.**     **Changes to this Court's Existing Chapter 13 Presumptively Reasonable Fee Procedures**

The existing presumptively reasonable fee policy adopted by this Court in 2009 does not address either: (1) the allowance of attorneys' fees, in the event of an involuntary dismissal, as an administrative expense claim for purposes of § 503(b) and § 1326(a)(2) of the Code; or (2) the discount to be applied to the full case no-look fee when a Chapter 13 case is involuntarily dismissed before confirmation.

There is no doubt that the Chapter 13 "no-look" fee policy adopted by this Court in 2009, with its a la carte menu approach, leaves a lot to be desired. The Court is studying presumptively reasonable fee policies that are in use by other courts around the country. The Court expects to issue a revised Chapter 13 presumptively reasonable fee policy in the coming months to replace the existing flimsy policy. However, the policy changes adopted in this Decision are effective immediately.

**C.**     **Administrative Claim Treatment**

As observed by the Bankruptcy Court for the District of Columbia, the majority of courts have found that "§ 1326(a)(2) authorizes the Chapter 13 Trustee to pay allowed administrative claims prior to returning any remaining funds to the debtor when a Chapter 13 case is dismissed pre-confirmation." *In re Taiwo*, Case No. 20-00157, 2021 Bankr. LEXIS 523, at *7 (Bankr. D.C. Mar. 4, 2021) (Gunn, J.). The *Taiwo* Court joined the majority view. *Id*. This Court also adopts the majority view and holds that, under § 1326(a)(2), the Chapter 13 Trustee is authorized to pay allowed administrative expense claims prior to returning to the Debtor any pre-confirmation funds

on deposit with the Trustee, when a Chapter 13 case is involuntarily dismissed before confirmation of a Chapter 13 Plan.

In the interest of judicial economy, because the amount of the "allowed administrative expense claim" will be fixed by this Court as the amount equal to the "discounted" full case presumptively reasonable fee, less any amount paid to debtor's counsel as a retainer, no separate application for compensation under § 330 or request for administrative treatment under § 503(b) is necessary.[3] The amount computed by the Chapter 13 Trustee under this policy is viewed by the Court as the "presumptively reasonable discounted fee" that is to be treated by the Trustee as an "allowed administrative expense" under § 503(b), to be disbursed to debtor's counsel out of pre-confirmation funds held by the Trustee, less any retainer paid to debtor's counsel, before returning any surplus balance to the debtor, as permitted by § 1326(a)(2).[4]

D. **Presumptively Reasonable Fee Discount – Involuntary Dismissal**

The Bankruptcy Court for the District of Columbia recently surveyed how other courts around the country discount presumptively reasonable attorneys' fees when a Chapter 13 case is dismissed before confirmation. *In re Taiwo*, 2021 Bankr. LEXIS 523, at *17. The *Taiwo* Court observed that the bankruptcy courts for the Districts of Maryland and Virginia Eastern allow 44% of the full case no-look fee where dismissal occurs before confirmation. *Id*. California Eastern allows 50% of the full case no-look fee. *Id.* at *17-18. South Carolina allows 60% of the full case no-look fee. *Id*. The *Taiwo* Court followed the South Carolina formula and allowed debtor's

---

[3] This policy applies only to Chapter 13 cases where counsel has elected to be compensated under the presumptively reasonable fee schedule. Counsel can elect instead to seek compensation on an hourly basis, which must be disclosed in the 2016(b) Statement, and requires the keeping of *detailed* timesheets and a motion for compensation under § 330, before administrative expense treatment can be had under § 503(b).

[4] Of course, the Chapter 13 Trustee's statutory commission would also be deducted from the pre-confirmation funds held by the Trustee.

counsel a fee of approximately 60% of the Court's no-look fee, less the amount paid to the attorney as a retainer, and the Court allowed those fees to be treated as an administrative expense under § 503(b) of the Code. *Id*. at *18-19.

Having considered the approaches adopted by other Courts, going forward this Court will allow debtor's counsel a § 503(b) administrative expense claim equal to a maximum of 50% of the agreed full case no-look fee amount, less any amount received by counsel as a retainer, when a Chapter 13 case is involuntarily dismissed before confirmation of a Chapter 13 Plan. However, the Court may reduce the presumptively reasonable fee "discount" *sua sponte* or in response to a motion by a party in interest on a case-by-case basis. The resulting amount is to be distributed, under § 1326(a)(2), by the Chapter 13 Trustee out of funds (if any) held by the Trustee from pre-confirmation payments made by the debtor.

E.    **Counsel's Fee Application in this Case**

Anticipating that this case may be dismissed involuntarily because of the Chapter 13 Trustee's pending motion to dismiss, Counsel has requested the payment of attorneys' fees as an administrative expense, to be paid out of the funds held by the Chapter 13 Trustee before those funds are returned to the Debtor, under § 1326(a)(2). This case does not lend itself to a simple formulaic solution because the Trustee and Counsel have departed from the standard full case presumptively reasonable fee schedule and added the time spent by Counsel on legal tasks not covered by the current no-look fee schedule. (*See* ECF No. 176 ¶ 9 and ECF No. 157-1).[5]

Here, Counsel seeks the "full case base no-look fee" ($3,050.00) for legal services rendered up to and including the § 341 meeting. For work done after the § 341 meeting, Counsel seeks an

---

[5]    The Court anticipates that the full case presumptively reasonable fee policy it will adopt in the coming months will eliminate the messy hybrid approach used in this case. It will also largely eliminate the a la carte menu approach used in the 2009 policy.

additional $6,140.00 (for 30.7 hours billed at $200.00/hour), for a total fee of $9,190.00, less a "hardship waiver" of $3,600.00, leaving a gross balance due of $5,590.00. (ECF No. 157-1 at 3). Counsel then accounted for the retainer of $1,200.00 that was paid by the Debtors, leaving a balance of $4,390.00.

The Court has reviewed the "time records"[6] submitted by Counsel and finds that in numerous instances the entries are unacceptably vague (e.g. "emails"), or for services that are clerical in nature (e.g. "file"), or excessive for the task performed (e.g. "amend plan 3.0 hours"), or were necessary to correct an error by Counsel (e.g. amend Plan four times to correct errors by Counsel). The Court finds that 18.4 hours of Counsel's time is not compensable as a result, leaving 12.3 hours (at $200/hour) for tasks beyond the existing no-look fee schedule. The Court finds that the allowable administrative expense claim, in the event that this case is involuntarily dismissed prior to confirmation, is fixed at:

| | | |
|---|---:|---|
| ÷ | $3,050.00 | (Full case no-look fee) |
| | 50% | (Presumptively reasonable fee discount) |
| | $1,525.00 | |
| + | $2,460.00 | (12.3 hours at $200/hour) |
| | $3,985.00 | |
| − | $1,200.00 | (Retainer received by Counsel) |
| | $2,785.00 | (Allowed administrative expense) |

The balance of the fees requested by Counsel is disallowed.[7]

**F.** **UST Motion to Disgorge and Sanction Counsel**

The UST's motion requests that Counsel be directed to refund the retainer paid by the Debtors ($1,200.00), the reduction of compensation to Counsel by at least 50%, cancellation of

---

[6] Use of the words "time records" is generous. The time entries submitted by Counsel are neither detailed nor were they made contemporaneously with the performance of services.
[7] In the event that Counsel should seek legal fees for work done after the date of this Decision, the Court will expect **detailed and contemporaneous** time entries (who, what, when, where, why, how). Generic time entries will be summarily disallowed.

the retainer agreement, and that Counsel be required to attend CLE courses covering ethics and document preparation. (ECF No. 181-2 at 18).

The motion by the UST is well taken as regards the need to reduce Counsel's attorneys' fees because of vague time entries, billing for clerical tasks, excessive time billed for specific tasks, and billing for tasks necessary to correct errors made by Counsel. And, in this Decision, the Court has done exactly that. However, the balance of the UST's motion goes too far for many of the same reasons mentioned by this Court in *In re Lovell*, Case No. 23-20151. In reducing Counsel's fees for time entries found to be excessive or otherwise inappropriate, the Court took into consideration Counsel's many errors and below average performance in making reductions to the attorneys' fees requested. There is no evidence of bad faith or dishonesty to support the UST's request for sanctions beyond the reduction of fees which the Court has found necessary.

## III.
## CONCLUSION

For the reasons stated, the Court Orders:

1. Counsel's Application for Compensation for all legal services performed for the Debtors through the date of this Decision is **GRANTED**, under § 330 of the Code, for the **reduced amount** of $3,985.00, less the $1,200.00 paid as a retainer, leaving a balance awarded of $2,785.00. As a result, Counsel's Application for Administrative Expense Treatment of the attorneys' fees awarded ($2,785.00) is also **GRANTED**, under § 503(b) of the Code. In the event of an involuntary dismissal before confirmation, the Chapter 13 Trustee is to disburse any funds on deposit in this case in the manner provided for by § 1326(a)(2) of the Code. Any request by Counsel for additional fees for legal services in this case must be supported by detailed time records that comply with this Decision.

8

Case 2-22-20579-PRW, Doc 214, Filed 03/06/24, Entered 03/06/24 16:16:31, Description: Main Document , Page 8 of 9

2.  The motion of the UST is **GRANTED**, in part, insofar as Counsel's attorneys' fees have been reduced by the Court. The balance of the UST's motion is **DENIED**, without prejudice to the ability of the UST to raise issues concerning the content and form of Counsel's retainer agreement to the Grievance Committee for the appropriate Judicial District of the New York State Courts.

**IT IS SO ORDERED**.

DATED: March 6, 2024 _____/s/_____
Rochester, New York HONORABLE PAUL R. WARREN
United States Bankruptcy Judge